714

Argued November 19, affirmed December 29, 1975, reconsideration denied February 4, petition for review denied February 24, 1976

In the Matter of R., a Child.
STATE ex rel JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY, *Respondent*, v. J.
(No. 46,340, CA 4788), *Appellant.*

543 P2d 1096

*Charles R. Williamson,* Portland, argued the cause for appellant. With him on the brief were Kell, Alterman, Runstein & Thomas, Portland.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and LEE, Judges.

FOLEY, J.

This is a termination of parental rights involving a four-year-old girl, brought under ORS 419.523 to 419.527, in the juvenile department of the circuit court. From an order terminating her parental rights, the mother appeals.

The child was born June 9, 1971. Nine months after the birth, the mother received a 90-day jail sentence for larceny, and the court made the child a ward of the court and placed her in foster care. She has remained in the same foster family for the past three and one-half years.

Shortly after the 90-day jail sentence in early 1972, the mother was again, in August 1972, in Portland, sentenced to 90 days in jail for another larceny. When she was released from jail she was taken by her bail bondsman to Seattle on prostitution charges and she was in jail there until December 1973. When she was released she went to Eugene, Oregon. Being fearful of arrest on another charge, she went from there to Illinois where she remained until she was arrested in November 1974. She was extradited back to Oregon and testified she had been incarcerated for eight months prior to the hearing in this termination case. The federal charge for which she was extradited and which was pending against her at the time of the hearing was interstate transportation of forged securities. She "hoped" for probation from the securities charge, to which she had pleaded guilty. Her plan for reuniting with the daughter includes marriage to, and making a home for her daughter with, a 47-year-old ex-convict who testified his record involved promotion of

narcotics, beginning in 1964. His latest incarceration was McNeil Island from 1969 until his release in January 1975.

Some visits had been arranged by Children's Services Division for the mother with the child during periods between her jail sentences, but she did not always keep them and her interest appeared to be more verbal than actual.

The child is described as a bright, active four-year-old who considers her foster parents as her real parents. If the child becomes adoptable, the foster parents plan to seek her adoption.

The trial court found grounds for termination had been established under both ORS 419.523(2) and (3).[1] In our review, we, too, find under ORS 419.523

---

[1] ORS 419.523(2), (3) provides:

"(2) The rights of the parent or parents may be terminated as provided in subsection (1) of this section if the court finds that the parent or parents are unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the home of the parent or parents is improbable in the forseeable [sic] future due to conduct or conditions not likely to change. In determining such conduct and conditions, the court shall consider but is not limited to the following:

"(a) Emotional illness, mental illness or mental deficiency of the parent of such duration as to render it impossible to care for the child for extended periods of time.

"(b) Conduct toward any child of an abusive, cruel or sexual nature.

"(c) Addictive use of intoxicating liquors or narcotic or dangerous drugs.

"(d) Physical neglect of the child.

"(e) Lack of effort of the parent to adjust his circumstances, conduct, or conditions to make the return of the child possible or failure of the parent to effect a lasting adjustment after reasonable efforts by available social agencies for such extended duration of time that it appears reasonable that no lasting adjustment can be effected.

(2) that the mother is unfit by reason of conduct, to-wit, her continuing criminal activity, which is seriously detrimental to the child and that integration of the child into the home is improbable in the foreseeable future due to the continuing nature of the mother's conduct.

We also find, as did the trial court, that grounds for termination were established under ORS 419.523 (3).

Affirmed.

---

"(3) The rights of the parent or parents may be terminated as provided in subsection (1) of this section if the court finds that the parent or parents have failed or neglected without reasonable and lawful cause to provide for the basic physical and psychological needs of the child for one year prior to the filing of a petition. In determining such failure or neglect, the court shall consider but is not limited to one or more of the following:

"(a) Failure to provide care or pay a reasonable portion of substitute physical care and maintenance if custody is lodged with others.

"(b) Failure to maintain regular visitation or other contact with the child which was designed and implemented in a plan to reunite the child with the parent.

"(c) Failure to contact or communicate with the child or with the custodian of the child. In making this determination, the court may disregard incidental visitations, communications or contributions."